## HOROWITZ v PELLERITI

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11507.  Decided May 25, 1931

Anderson & Lamb and Henry Elaner, Cleveland, for Horowitz.

McConnell, Lind, Blackmore, Cory and Griffith, Cleveland, for Pelleriti.

MAUCK, PJ, BLOSSER and MIDDLETON, JJ, (4th Dist), sitting.

**MIDDLETON, J.**

If defendant was in possession of any facts which tended to establish the negligence of the railway company, surely plaintiff was entitled to know those facts and if he had known them, then that knowledge might have prevented the dismissal of the railway company from the action.

We regard the ruling of the court on this matter so vital to the interests of plaintiff as to require a reversal of the judgment if there were no further errors in the record.

It appears, however, that the court in its general charge to the jury undertook to explain to the jury what was necessary for plaintiff to prove in order to establish the liability of the defendant for negligence when such negligence was the sole, proximate cause of the injury. The court said:

"To entitle plaintiff to recover in this case it devolves upon the plaintiff to establish by a preponderance of the evidence that the defendant, John Pelleriti failed to exercise the degree of care that the court has just instructed you is required under the circumstances in this case and also to establish by a preponderance of the evidence that the negligence of the plaintiff to exercise that degree of care if you so find was the proximate cause of the collision resulting in injury."

It is possible that this transcript of the charge, as it appears in the bill of exceptions, is not correct. If that be true, it was the duty of counsel to have it corrected. As it now stands, it is without any legal meaning with the result that the jury were not instructed in the general charge on the vital issue, that of the sole negligence of the defendant was the proximate cause of plaintiff's injury the defendant was liable.

While it is true that in the general charge the instructions quoted are followed by one which advised the jury that if the negligence of defendant, combined with the negligence of the other party was the proximate cause of the injury, the defendant would be liable. There is no other direction in the charge as to the liability of defendant ,if his negligence alone was found by the jury to have proximately caused plaintiff's injury. We do not regard it necessary to consider any further complaints except the one going to the general weight of the evidence. We believe from the record that the verdict of the jury is against the manifest weight of the evidence.

Without going into detail it is clearly

shown that the defendant did not exercise that degree of care required of him as the driver of a taxicab having in charge paid passengers. It is suggested that while this may be true, it is probable that the jury arrived at its verdct for the reason that it found plaintiff had received no injury from the collision. Again, the manifest weight of the evidence sustains the claim that he was injured in the collision. In fact without reviewing the testimony of plaintiff in his behalf it is sufficent to say that such testimony is not substantially disputed and certainly it would not be argued or contended that the testimony produced by him on this phase was not sufficient to show a serious injury. The testimony of his family physician who was called to attend him immediately after the collision, Dr. Joseph J. Kurlander, is sufficient to establish the fact that he was injured in the collision.

Some complaint is made of the refusal of the court to give the special instruction No. 1 requested by plaintiff before argument. We do not approve this instruction and think that without some further explanation by the court of the matters it contains it is not sufficiently definite to advise a jury to the rule of law it purports to state.

For the reasons stated the judgment is reversed and the cause is remanded.

MAUCK, PJ, and BLOSSER, J, concur.